# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1515V
UNPUBLISHED

| | |
|---|---|
| ABIGAIL STRATTON,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: February 9, 2023<br><br>Pre-Assignment Review (PAR); Attorney's Fees and Costs; Reasonable Basis; Good Faith; Human Papillomavirus (HPV) Vaccine; POTS; autonomic dysfunction |

*Andrew Donald Downing*, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner.

*Heather Lynn Pearlman*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

  On November 2, 2020, Abigail Stratton filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34[2] (the "Vaccine Act"). Petitioner alleged that the human papillomavirus ("HPV") vaccine she received on November 6, 2017, caused her to develop postural orthostatic tachycardia syndrome ("POTS") and autonomic dysfunction. ECF No. 1 ¶ 9. Petitioner withdrew the case just over eight months later, however – well before the claim's substantive basis could be evaluated, and for the express purpose of litigating the claim in a different manner and alternative forum.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "Section" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner now seeks an award of fees and costs, but Respondent contests the propriety of such an award. For the reasons discussed below, I find there was sufficient reasonable basis and good faith for Petitioner's claim, and that she is otherwise entitled to a fees award, despite the circumstances of dismissal, although a reduction in the amount of fees awarded is appropriate.

## I.       Background

As noted, Petitioner timely filed a Notice of Intent to Withdraw from the Vaccine Program, in accordance with the terms of the Act, on July 6, 2021. ECF No. 19. This case (and numerous others like it) filed by the same counsel alleges an injury relating to the administration of an HPV vaccine, but has been withdrawn in accordance with the terms of the Vaccine Act and Rules, solely for the purpose of combining it with like cases against the vaccine manufacturer pending in other fora. (A more thorough explanation of the substantive background for early termination is set forth in *Atjian v. Sec'y of Health & Hum. Servs.*, No. 21-1413V, 2022 WL 17587757 (Fed. Cl. Spec. Mstr. Oct. 18, 2022), and is incorporated by reference herein). I accordingly issued an Order Concluding Proceedings pursuant to Vaccine Rule 10(d) on July 8, 2021. ECF No. 20.

On July 12, 2021, Petitioner filed a motion for attorney's fees and costs seeking $10,789.96. Motion for Final Attorney's fees and Costs ("Mot."), ECF No. 22. On July 23, 2021, Respondent filed an opposition ("Opp."), arguing that Petitioner had failed to establish a reasonable basis and good faith for his claim. ECF No. 23. On July 27, 2021, Petitioner replied to Respondent's arguments ("Reply"). ECF No. 24. On September 2, 2021, Petitioner filed a Supplemental Motion for Attorney Fees and Costs ("Supp. Mot.") for additional expenses incurred preparing the reply to Respondent's opposition. ECF No. 27. In total, Petitioner is seeking $12,175.96 in attorney's fees and costs.[3]

## II.      Fees and Costs For Unsuccessful Claims

The Vaccine Act permits fees in *some* unsuccessful cases – a classification that includes cases that are terminated without final resolution, as here. This is in keeping with the Program's goal of ensuring that petitioners have adequate assistance from counsel when pursuing their claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorney's fees and costs may be awarded even when the petition was untimely filed). There is a threshold requirement for fees under such circumstances,

---

[3] On October 5, 2022, Petitioner filed a motion to hold a status conference to discuss the delay in ruling on the pending fees motion. ECF No. 31. But because this Decision addresses the underlying substantive issue, the motion to hold a status conference is **DENIED AS MOOT**.

2

however – petitioners must demonstrate "that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Fees can still be adjusted, or denied entirely, however, even where reasonable basis is established.

As the Federal Circuit has explained, the relevant analysis involves two distinct inquiries: (1) a subjective one assessing whether the petition was brought in good faith and (2) an objective one ascertaining whether reasonable basis for the petition existed. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("Good faith is a subjective test, satisfied through subjective evidence"); *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007) ("[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation."); *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017) (quoting *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 289 (2014)) (addressing the objective requirements of reasonable basis).

Good faith is a subjective standard. *Simmons*, 875 F.3d at 635. Simply put, good faith is "whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007. As a result, a petitioner's mere belief in the legitimacy of a vaccine claim can supply the required good faith – no matter how factually misplaced that belief may be. *See Atjian*, 2022 WL 17587757, at *5-6 (extensive good faith discussion).

"Reasonable basis … is an objective test, satisfied through objective evidence." *Cottingham,* 971 F.3d at 1344. The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Hum. Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). As I have noted in prior cases, reasonable basis is an extremely lenient standard. *Hughes v. Sec'y of Health & Hum. Servs.*, No. 16-930V, 2021 WL 6621169, at *3 (Fed. Cl. Spec. Mstr. Dec. 29, 2021) mot. for review denied, 154 Fed. Cl. 640 (2021). Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham*, 971 F.3d at 1345-46.

### III. Fees Are Appropriate for This Matter

Although Respondent maintains that the threshold bases for fees in an "unsuccessful" case are not met here, I find (consistent generally with my determination in *Atjian*, which was not appealed by either party) they are. First, the claim had sufficient good faith, even if counsel expected to withdraw it well before its adjudication. Petitioner proposed a definition good faith as an "honest belief that [he] suffered an injury due to the vaccination at issue." Mot. at 2. Respondent argues that for a case to be brought in good faith, it must be brought "with the intent to litigate the merits of the claim" in the Program. Opp. at 7. But both parties presented identical legal arguments in support of their respective definitions to those presented in *Atjian* (2022 WL 17587757, at *4), and I found good faith satisfied simply because Petitioner does believe the vaccine was injurious (even if a review of reasoned decisions in the Program reveals the factual unsoundness of that belief).

Regarding reasonable basis, Respondent argues that: 1) the medical records do not sufficiently support Petitioner's alleged symptoms (Opp. at 9); 2) Petitioner's treating doctors did not opine that Petitioner's HPV vaccine caused or contributed to Petitioner's problems (*Id.* at 9-10); and 3) Petitioner's affidavit should be afforded no weight due to its omissions and lack of detail (*Id.* at 10).

Respondent's skepticism of the claim's likelihood of success is reasonable. But I emphasize again that reasonable basis is a notably easy-to-satisfy evidentiary standard. *Cottingham*, 971 F.3d at 1345-46. It is the "feasibility of the claim" that governs, and not whether the claim was likely to prevail. *Turner*, 2007 WL 4410030, at *6. While the issues raised by Respondent would more likely than not have prevented Petitioner from obtaining compensation, Petitioner has filed sufficient medical records to satisfy the exceedingly low evidentiary standard at play here.

Of course, and as noted in *Atjian* (2022 WL 17587757, at *10), special masters always have the discretion to deny or reduce fees *even* when good faith and reasonable basis have been adequately established. My experience repeatedly deciding HPV vaccine-based claims has led me to doubt their overall validity – despite good faith views of the vaccine's causality (bulwarked by medical record evidence that the claimant at issue did experience some post-vaccination symptoms). *See,* e.g., *Hughes v. Sec'y of Health & Hum. Servs.*, No. 16-930V, 2021 WL 839092, at *31 (Fed. Cl. Spec. Mstr. Jan. 4, 2021), *mot. for review denied*, 154 Fed. Cl. 640 (2021); *E.S. v. Sec'y of Health & Hum. Servs.*, No. 17-480V, 2020 WL 9076620, at *40, 43 (Fed. Cl. Spec. Mstr. Nov. 13, 2020), *mot. for review denied*, 154 Fed. Cl. 149 (2021); *McKown v. Sec'y of Health & Hum. Servs.*, No. 15-1451V, 2019 WL 4072113, at *44–45 (Fed. Cl. Spec. Mstr. July 15, 2019). Present counsel thus runs the risk that if he continues to pass through the Program in

present fashion in order to reach a preferred forum, I am likely to deny fees *even* if the withdrawal itself meets the Act's procedural requirements. But I will only invoke this admonition in cases filed after the *Atjian* fees decision issued (i.e., cases filed after October 18, 2022).

### III.     Fees and Costs Calculation

#### A.     Legal Standard

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include hours in their fee requests that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011). Rather, when assessing attorney's fees and costs, the goal is to achieve a "rough justice." *Fox v. Vice*, 563 U.S. 826, 838 (2011),

#### B.     Attorney's fees

##### 1.     Hourly Rates

Petitioner requests compensation for attorney Andrew D. Downing based on the following rates: $385 per hour for time billed in 2020-21. Mot., ex. A at 16. For attorney Courtney Van Cott, Petitioner seeks $275 per hour, and for paralegals Robert W. Cain and Danielle P. Avery, Petitioner seeks a rate of $135 per hour. *Id.* The requested rates for time billed in 2020-21 are reasonable and are consistent with what has previously been awarded for work these individuals have performed in other cases.[4] *Roach v. Sec'y of Health & Hum. Servs.*, No. 20-789V, 2022 WL 1008288, at *4 (Fed. Cl. Spec. Mstr. Mar. 10, 2022).

##### 2.     Hours Billed

---

[4] The Attorney's Fee Schedules for 2020-22 are available at http://www.uscfc.uscourts.gov/node/2914.

Much of the time billed in this matter was reasonable, but the following time entry issues remain: (1) inappropriate billing for clerical tasks; (2) inappropriate billing for duplicative work; and (3) one-time billing for legal issues related to this and similar attorney's fees and costs motions and replies. Each of these issues were present in *Atjian*, 2022 WL 17587757, at *11-12, and also exist in the numerous other cases prosecuted by Petitioner's counsel that are similarly situated. Moreover, for the inappropriate billing for clerical tasks and duplicative work, Petitioner's counsel has been repeatedly admonished for these billing issues in many other unrelated cases. See *Finefrock v. Sec'y of Health & Hum. Servs.*, No. 20-42V, 2022 WL 3153258, at *2 (Fed. Cl. Spec. Mstr. July 20, 2022) (clerical tasks); *Dreyer v. Sec'y of Health & Hum. Servs.*, No. 18-764V, 2019 WL 6138132, at *3 (Fed. Cl. Spec. Mstr. Oct. 29, 2019) (duplicative billing). Lastly, as explained in *Atjian*, 2022 WL 17587757, at *12, I advised counsel that he would only be credited once for the time required to develop the standardized legal arguments in his numerous fees motions and replies. Going forward, counsel would only be awarded minimal attorney time for a final review of the fees motions and replies and preparation of the fees motions and replies should only be billed as paralegal time.

For all three billing issues, based on my prior experience with Petitioner's counsel, review of the billing records in this case, and review of the cases similarly situated to this one, I find a *thirty (30) percent* reduction in fees to be appropriate, resulting in a reduction of the total amount to be awarded of $3,299.10.

### 3. Other General Fees Reduction Appropriate

As discussed in *Atjian*, 2022 WL 17587757, at *12-13, Petitioner has submitted the minimum evidence required to satisfy the initial PAR review in the Vaccine Program. Although I have found that a fees award is appropriate herein, I also find, in the reasonable exercise of my discretion under the circumstances, that the overall *magnitude* of the award should be more modest than what has been requested.

Because of the above, a request for more than $12,000.00 for attorney's fees and costs is excessive in the context of a case that lasted less than nine months and was never intended to be litigated herein. As a result, I will rely on my authority to make reasonable percentage reductions in fees in appropriate cases. *Abbott v. Sec'y of Health & Hum. Servs.*, No. 10-485V, 2017 WL 2226614, at *7-8 (Fed. Cl. Spec. Mstr. Apr. 26, 2017) mot. for rev. denied, 135 Fed. Cl. 107, 111-12 (2017). After reducing the total amount of fees requested as noted above, I also impose a twenty-five (25) percent reduction in the sum to be awarded, a reduction of $1,924.48, resulting in a total fees

award of $5,773.43.[5] I will employ this same reduction to all comparable claims, unless the total fees requested do not exceed $5,000.00.

### C.     Attorney's Costs

Petitioner requests $1,178.96 in overall costs. Mot. at 5; Mot., ex. A at 15. This amount is comprised of obtaining medical records, shipping fees, and the Court's filing fee. Mot., ex. A at 13-15. In his Motion, pursuant to General Order No. 9, counsel indicates that Petitioner incurred no out-of-pocket litigation costs. Mot. at 7. I have reviewed all the requested costs and find them to be reasonable, and award them in full.

### CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby **GRANT IN PART** Petitioner's Motion and Supplemental Motion, and award a total of $6,952.38 (consisting of $5,773.42 in fees and $1,178.96 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[5] **Calculation of fees reductions:**

| | |
|---|---|
| Initial & supplemental fees requested | $10,997.00 |
| 30% reduction for clerical tasks, duplicate billing, and hours for drafting fees filings | -$3,299.10 |
| 25% general reduction | -$1,924.48 |
| **Total fees award** | **$5,773.42** |

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.